UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 99-14227-CIV-Moore/Garber

DAVID A. WARD, *et al.*,

    Plaintiffs,

v.

JOHN K. NIERLICH, *et al.*,

    Defendants.
_____/

## **ORDER**

THIS CAUSE is before the Court on the Guy B. Rubin and Rubin and Rubin's (Rubin) Rule 60(b) Motion to Vacate and/or Strike Portions of the September 18, 2006 Magistrate's Order and the January 10, 2007 Order of this Court [DE 687 and 689], defendants' Consolidated Response in opposition, and Rubin's reply thereto.

Pertinent facts to be considered in resolving this Motion are that all plaintiffs and Rubin were either parties to, or formulated and participated in the execution of an agreement to pay certain judgment creditors of plaintiff M.L. Builders, who are defense witnesses, $5,000.00 cash and an interest to the extent of $211,686.30 in the outcome of the present litigation in exchange for their testimony and cooperation.

Following the filing of a motion seeking the disqualification of Rubin from further participation in this cause, United States Magistrate Judge Linnea R. Johnson entered her Report and Recommendation. Judge Johnson found that the payment of defense witnesses for their testimony was in violation of Rule 4-3.4(b) of the Florida Bar's Rules of Professional conduct. Judge Johnson, in addition to setting forth her factual findings and conclusions following extensive briefing, depositions and an adversarial hearing and pleading practice,

denied defendants' Motion to Strike Plaintiffs' Pleadings but disqualified Rubin [DE 499]. Judge Johnson also awarded attorneys' fees incurred regarding the filing and hearing of defendants' Motion to Disqualify.  On review by former United States District Judge James Paine, following numerous objections and cross objections, an Order was entered by Judge Paine, affirming and adopting Magistrate Judge Johnson's Report and Recommendation. Judge Paine specifically adopted the findings that Rubin had violated the applicable Rule of Professional Conduct of the Florida Bar and the disqualification of Rubin.

Subsequently the Florida Bar, following proceedings before that group, determined that no probable cause had been shown as to any violation by Rubin.  Interestingly, however, the Bar proceedings followed an investigation conducted by a prior attorney for plaintiffs David Ward and M.L. Builders, who served on the Grievance Committee considering the matter.

By the Motion now before the Court, Rubin seeks to reconsider the prior Report and Recommendation of Magistrate Judge Johnson and the Order of Judge Paine adopting the Report and Recommendation.  Rubin seeks relief based upon the finding of the Florida Bar of no probable cause and that such finding has made the judicial entries erroneous. For reasons set forth herein, Rubin's Motion to Strike must be denied.

Seeking relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, the no probable cause finding by the Florida Bar is not a basis for vacating either Magistrate Judge Johnson's or Judge Paine's rulings.  Rule 60(b)(6) provides for "residual equitable relief" in exceptional circumstances.  Such circumstances do not exist regarding the Motion now before the Court. Said rule provides *inter alia* that "the court may relieve a party or a party's legal representative from a . . . order" . . .for "any other reason justifying relief from

2

the operation of the judgment [order]." Specifically, the Rule offers relief upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) Newly discovered evidence which by due diligence could not have been discovered . . .; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, etc.; or (6) any other reason justifying relief from the operation of the judgment [order]. Rubin has not, and indeed cannot, satisfy any of such bases for relief that constitute exceptional circumstances.

This Court is not bound by the findings of the Florida Bar. Principles of federalism and the Supremacy Clause of the Constitution govern this Court's discipline of Rubin and its finding that he and his firm violated Rule 4-3.4(b). Pursuant to the ruling in *Hermann v. Gutterguard*, 199 Fed.Appx. 745, 752, federal law and state codes of ethics govern the disqualification of attorneys.

"[W]ell-established principles of federalism require that federal courts not be bound by either the interpretations of state courts or opinions of various bar association committees. Although these precedents are no doubt helpful, they should be relied upon only to the extent that they are compatible with federal law and policy." *Grievance Committee for Southern Dist. Of New York,* 48 F.3d 640, 645 (2d cir. 1994). Further, the weight to be given, if any, to a state's Code of Conduct, is a matter of federal law.

Local Rule 8 of the Local Rules of the Southern District of Florida advises:

"Nothing contained in these Rules shall be construed to deny the Court its inherent power to maintain control over the proceedings conducted before it nor to deny the Court those powers derived from statute, rule or procedure, or other rules of court. When alleged attorney misconduct is brought to the attention of the Court, whether by a Judge of the Court, any lawyer admitted to practice before the Court, any officer or employee of the Court, or otherwise, the Court may, in its discretion, dispose of the matter through the use of its inherent, statutory, or other powers; refer the matter to the appropriate state

bar agency for investigation and disposition, refer the matter to the Ad Hoc Committee on Attorney Admissions, Peer Review and Attorney Grievance as hereinafter defined; or take any other action the Court deems appropriate. These procedures are not mutually exclusive."

Rubin is asking this Court to reconsider rulings entered by predecessor judges in this cause. The arguments advanced by Rubin in his Motion before the Court have previously been submitted to both Judge Paine and Magistrate Judge Johnson, both of whom rejected such argument. Thus, the arguments presented in his Motion are procedurally barred since it is re-raising arguments previously rejected by the Court. *Burrows v. Waffle House, Inc.*, 2000 WL 35594556 *2 (S.D. Fla. 2000).

Accordingly, and upon a review of the record, consideration of the submissions of the parties and the Court further finding that the conduct of Rubin is particularly egregious, it is hereby

ORDERED that Rubin's Motion to Vacate and/or Strike Portions of the September 18, 2006 Magistrate's Order [Report and Recommendation] and the January 16, 2007 Order of this Court is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 22nd day of February, 2008.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

4