UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-14227-CIV-MOORE/SIMONTON

DAVID A. WARD, et al.,

    Plaintiffs,

v.

JOHN K. NIERLICH, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Presently pending before the Court is Lead Defendants' Motion To Tax Costs (DE # 737). This motion is referred to the undersigned Magistrate Judge (DE # 738). The motion is fully briefed (DE ## 744, 745). For the reasons stated below, it is recommended that the motion be granted.

I. Background

On March 28, 2008, the District Court entered an Order granting Defendants' Motion for Final Summary Judgment on the Federal and Florida RICO claims. The Court also declined to exercise jurisdiction over the state law claims, which it dismissed without prejudice (DE # 730). On April 3, 2008, the District Court entered a Final Judgment against Plaintiffs (DE # 733). On April 25, 2008, Plaintiffs filed a notice of appeal (DE # 735).

The instant motion follows.

II. The Motion To Tax Costs

Lead Defendants, as the prevailing party in this litigation, seek $21,758.33 in costs pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. Rule 54(d)(DE # 737).

Plaintiffs do not contest the amount of costs sought by Lead Defendants, but

state that they have filed a notice of appeal and that therefore, as a matter of law, Lead Defendants are not the prevailing party (DE # 744).

Lead Defendants reply that 1) Plaintiffs' response was untimely filed, and 2) that Plaintiffs' filing of a notice of appeal does not mean that Lead Defendants should not be awarded costs as the prevailing party. Lead Defendants also note that Plaintiffs have not requested a stay of the motion to tax costs pending the resolution of the appeal, and that, in any event, such stays are rarely granted (DE # 745).

III.  Lead Defendants Are Entitled To Costs As the Prevailing Party

Fed.R.Civ.P. Rule 54(d)(1) allows costs to the prevailing party, as a matter of course. In this case, summary judgment was entered in favor of the Lead Defendants on the Federal and Florida RICO claims, and the Court declined to exercise jurisdiction over the state law claims, which it dismissed without prejudice. Lead Defendants are, therefore, the prevailing party, and, as such, are entitled to an award of costs.

The undersigned rejects Plaintiffs' contention that Lead Defendants are not the prevailing party because Plaintiffs are appealing the Final Judgment. It is well settled in the Eleventh Circuit that costs may be taxed after a notice of appeal has been filed. *See Rothenberg v. Security Management*, 677 F.2d 64 (11th Cir. 1982); *accord Kemberling v. MetLife Life and Annuity Co. of Connecticut*, 2008 WL 1995080 at *1 (M.D. Fla. May 6, 2008)*; Barrington v. Lockheed Martin*, 2007 WL 1303032 at *3 (M.D. Fla. May 3, 2007). The undersigned also notes that Plaintiffs have not provided any authority which supports their position.

Moreover, Plaintiffs have not moved to stay or abate the motion for costs pending the resolution of the appeal. In any event, the Middle District of Florida has recently held that stays of motions to tax costs are not routinely entered in this situation. *See*

*Kemberling v. MetLife Life and Annuity Co. of Connecticut*, 2008 WL 1995080 at *1 (M.D. Fla. May 6, 2008)

### III. Lead Defendants Should Be Awarded Their Requested Costs

#### A. Copying Costs

Lead Defendants request $5,958.07 for copying costs.  28 U.S.C. § 1920(4) provides for the taxation of costs for fees for exemplifications and copies of papers necessarily obtained for use in the case.  Photocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are all recoverable. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 622 (11th Cir. 2000); *DeSisto College, Inc. v. Town of Howey-In-The-Hills*, 718 F.Supp. 906, 913 (M.D. Fla. 1989), *aff'd*, 914 F.2d 267 (11th Cir. 1990).  Plaintiffs do not object to these requested costs. Therefore, it is recommended that Defendants be awarded $5,958.07 for copying costs.

#### B. Court Reporter Fees For Deposition Transcripts

Lead Defendants request $14,813.26 for the cost of deposition and hearing transcripts.  28 U.S.C. § 1920(2) provides for the taxation of costs for deposition and hearing transcripts which were necessarily obtained for use in the case.

In *EEOC v. W&O, Inc.*, 213 F.3d at 621, the Eleventh Circuit held that the standard of taxing the costs of a deposition is whether the deposition was necessarily obtained for use in the case, not whether the deposition is used at trial.  The disposal of a case at the summary judgment stage does not mean that costs cannot be awarded, if the requested costs were reasonably necessary for use in the case. *Blevins v. Heiling-Meyers Corp.*, 184 F.R.D. 663, 666 (M.D. Ala.), *aff'd w/o op.*, 184 F.3d 825 (11th Cir. 1999). The necessity for a deposition is determined in light of the facts known at the time the

deposition is taken.  *DeSisto College, Inc.*, 718 F.Supp. at 912.

As Plaintiffs do not object to the amount requested, the undersigned recommends that Lead Defendants be awarded costs of $14,813.26 for deposition and hearing transcripts.

  C. <u>Service of Process Costs</u>

Lead Defendants request $987.00 for private process server fees.  This Court has interpreted 28 U.S.C. § 1920(1) as providing for the taxation of process server fees as costs.  See *EEOC v. W&O, Inc.*, 213 F.3d at 624; *Tang How v. Edward J. Gerrits, Inc.*, 756 F.Supp. 1540, 1545 (S.D. Fla. 1991), *aff'd*, 961 F.2d 174 (11th Cir. 1992).  Plaintiffs do not object to these requested costs.  Therefore, it is recommended that Lead Defendants be awarded costs of $987.00 for private process server fees.

Therefore, for the reasons stated above, it is hereby

**RECOMMENDED** that Lead Defendants' Motion To Tax Costs (DE # 737), be **GRANTED**, and that Lead Defendants be awarded costs in the amount of $21,758.33.

The parties will have ten days from the date of service of this Order within which to file written objections, if any, for consideration by the Honorable K. Michael Moore, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in chambers in Miami, Florida, on July 25, 2008.

                _____
                ANDREA M. SIMONTON
                UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
**The Honorable K. Michael Moore**
   **United States District Judge**
**All counsel of record**