UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-14227-CIV-MOORE/SIMONTON

DAVID A. WARD, et al.,

    Plaintiffs,

v.

JOHN K. NIERLICH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Presently pending before the Court is Lead Defendants' Motion For Entry of Fee Judgment Against Rubin and Rubin (DE # 736). This motion is referred to the undersigned Magistrate Judge (DE # 738). Rubin and Rubin has not responded to the motion, and the last day to timely serve a response was May 15, 2008. For the reasons stated below, it is recommended that the motion be granted by default.

    I. Background

On June 8, 2006, Lead Defendants filed a motion for an order to show cause why Plaintiffs' pleadings should not be stricken, to disqualify Plaintiffs' counsel, and to award attorney's fees to Defendants for the costs of defending the suit, alleging fraud on the Court by Plaintiffs' counsel (DE # 411). On September 18, 2006, the Magistrate Judge entered a Report and Recommendation which recommended, in part, that Plaintiffs' counsel, Rubin and Rubin be disqualified from representing Plaintiffs for committing fraud on the Court, and that Rubin and Rubin be ordered to pay Lead Defendants all attorney's fees which they had incurred incident to the filing of the motion, the filing of the reply and the appearance at the hearing. The Magistrate Judge also ordered that counsel immediately confer regarding the amount of the award. If the parties were

unable to agree upon the amount of the award, Defendants were to file an affidavit of fees, Plaintiffs would then respond, and Defendants would reply (DE # 462).

On September 29, 2006, following the entry of the report and recommendation, Lead Defendants filed an affidavit of fees seeking an award of $23,846.50 (DE # 469). On October 23, 2006, Rubin and Rubin filed an opposition stating, *inter alia*, that only $13,519.00 of the fees sought were reasonable (DE # 480 at 4). On October 26, 2006, Lead Defendants replied (DE # 482).

On January 10, 2007, the District Court affirmed the Magistrate Judge's report and recommendation that Rubin and Rubin disqualified as Plaintiffs' counsel for committing fraud on the Court. The Court also ordered Rubin and Rubin to reimburse Lead Defendants for the attorney's fees which they had incurred incident to the filing of the motion to disqualify (DE # 499).

On November 30, 2007, Rubin and Rubin moved for reconsideration of the District Court's January 10, 2007 order, arguing, *inter alia*, that due to the failure of Lead Defendants to timely file a motion seeking attorney's fees, Lead Defendants had waived, due to untimeliness, their right to seek an attorney's fees award(DE # 687 at 4). Lead Defendants responded, *inter alia*, that they had not waived their right to an award of attorney's fees by waiting until the entry of judgment on the merits to seek entry of a judgment on the fees awarded as sanctions. Lead Defendants also noted that they had complied with the Magistrate Judge's September 18, 2006 order of by filing their affidavit of attorney's fees (DE # 692 at 13-14). On February 2, 2008, the Magistrate Judge denied Rubin and Rubin's motion for reconsideration on other grounds, without addressing the issues of whether Lead Defendants had waived their right to an attorney's fees award (DE # 722). Rubin and Rubin did not seek review of the order.

On April 3, 2008, the District Court entered a Final Judgment against Plaintiffs (DE # 733).

The instant motion follows.

## II.  The Instant Motion

In the presently pending motion, Lead Defendants seek the entry of a fee judgment in the amount of $13,519.00, which is the amount Rubin and Rubin previously stated was reasonable.[1]  Because Rubin and Rubin has not responded in opposition to the instant motion, the undersigned recommends that Lead Defendants' motion be granted by default, and that the District Court enter a Final Judgment against Rubin & Rubin in the amount of $13,519.00 for the attorney's fees which Lead Defendants had incurred incident to the filing of the motion to disqualify Rubin and Rubin as Plaintiffs' counsel.

Therefore, pursuant to Local Rule 7.1 C., it is hereby

**RECOMMENDED** that Lead Defendants' Motion For Entry of Fee Judgment Against Rubin & Rubin (DE # 736), be **GRANTED by default**, and that the District Court enter a Final Judgment against Rubin & Rubin in the amount of $13,519.00.

The parties will have ten days from the date of service of this Order within which to file written objections, if any, for consideration by the Honorable K. Michael Moore, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d

---

[1] Lead Defendants originally sought to recover $23,846.50 (DE # 469).

745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in chambers in Miami, Florida, on July 25, 2008.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable K. Michael Moore**
   **United States District Judge**
**All counsel of record**